**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JAMES CIFERNI,** | **CIVIL ACTION** |
| **Plaintiff,** | |
| | |
| **v.** | |
| | |
| **BOILERMAKERS LOCAL 13,** | **NO.  15-4807** |
| **JOSEPH JACOBY,** | |
| **MARTY STANTON, and** | |
| **JOHN CLARK,** | |
| **Defendants.** | |

**DuBois, J.**                                                                    **January 25, 2016**

## M E M O R A N D U M

### I.        INTRODUCTION

This is an employment discrimination case. Plaintiff James Ciferni is a member of

defendant International Brotherhood of Boilermakers, Iron Shipbuilders, Blacksmiths, Forgers,

and Helpers Subordinate Lodge 13 ("Local 13"). Plaintiff avers that he was retaliated against by

Local 13 and the individual defendants, Joseph Jacoby, Marty Stanton, and John Clark, who are

officers of Local 13, in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42

U.S.C. §§ 12101, et seq.; Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.

§§  2000e, et seq.; the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. Ann.

§§  951, et seq.; the National Labor Relations Act ("NLRA"), 29 U.S.C. §§ 151, et seq.; and the

Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. §§ 141, et seq.

Presently before the Court is the Motion to Dismiss filed by defendants Local 13, Jacoby,

and Clark. Also before the Court is a separate Motion to Dismiss filed by defendant Stanton. For

the reasons set forth below, the Court grants in part and denies in part the Motion to Dismiss of

defendants Local 13, Jacoby, and Clark. The Court grants Stanton's Motion to Dismiss in its entirety.

## II.     BACKGROUND

The facts of this case as set forth in plaintiff's Complaint are as follows. Plaintiff is a member of Local 13 who works as a common arc welder. Compl. ¶ 13. Plaintiff obtains work exclusively through Local 13. Compl. ¶ 14. Local 13 "lists union members for positions based upon qualifications and years of experience." *Id.*

The individual defendants are officers in Local 13. Defendant Clark is the "business manager for Local 13." Compl. ¶ 5. Defendant Stanton is the "regional representative of the International Brotherhood of Boilermakers for the region of Local 13." Compl. ¶ 4. Defendant Jacoby is "the dispatcher appointed by John Clark . . . who held a superior and controlling employment position over [plaintiff] on behalf of . . . Local 13." Compl. ¶ 3.

In April 2008, prior to filing this action, plaintiff sued Local 13 and others, asserting claims for disability discrimination in violation of ADA and PHRA. Compl. ¶ 15-17. In December 2008, plaintiff and Local 13 reached a settlement in that action. Compl. ¶ 18.

On October 5, 2012, plaintiff telephoned Local 13 and spoke with defendant Jacoby. Compl. ¶ 19. During that conversation, plaintiff "asked to be considered for the shop steward position (day or night shift) for the upcoming Sun Oil Refinery project (Philadelphia Energy Solutions). *Id.* Plaintiff alleges that Jacoby told him that "I would never offer you a steward position on this job or any other, you are not qualified." *Id.* When plaintiff inquired regarding why he was not qualified, Jacoby allegedly explained that plaintiff would not be hired "because you [plaintiff] sued the hall [Local 13] for $10,000." *Id.*

2

Following this conversation, plaintiff submitted a complaint to the National Labor Relations Board ("NLRB"). Compl. ¶ 10. This complaint was dual-filed with the Equal Employment Opportunity Commission ("EEOC"). *Id.* The NLRB complaint was dismissed on March 15, 2013. Def. Stanton's Mot. to Dismiss, Ex. C. On May 27, 2015, plaintiff was issued a Dismissal and Notice of Rights by the EEOC. Compl. ¶ 11.

On August 24, 2015, plaintiff filed a Complaint in this Court. The Complaint includes seven claims: retaliation in violation of ADA, 42 U.S.C. § 12203(a) (Count I); retaliation in violation of Title VII, 42 U.S.C. § 2000e-3(a) (Count II); retaliation in violation of PHRA, 43 Pa. Cons. Stat. Ann. § 955(d) (Count III); conspiracy and obstruction in violation of PHRA, 43 Pa. Cons. Stat. Ann. § 955(e) (Count IV); unfair labor practices in violation of NLRA, 29 U.S.C. § 158(b) (Count V); breach of the duty of fair representation in violation of LMRA, 29 U.S.C. § 187(a) (Count VI); and breach of the Local 13 collective bargaining agreement ("CBA") (Count VII). The Court has jurisdiction pursuant to 42 U.S.C. § 1331 and § 1367. Defendants Local 13, Clark, and Jacoby filed a Motion to Dismiss on November 2, 2015. On the same date, defendant Stanton filed a separate Motion to Dismiss. For the reasons set forth below, the Court grants in part and denies in part the Motion to Dismiss of Local 13, Clark, and Jacoby, and grants Stanton's Motion to Dismiss in its entirety.

### III.    APPLICABLE LAW

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that, in response to a pleading, a defense of "failure to state a claim upon which relief can be granted" may be raised by motion to dismiss. To survive a motion to dismiss, a plaintiff must allege facts that "'raise a right to relief above the speculative level.'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint must contain

"sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A district court first identifies those factual allegations that constitute nothing more than "legal conclusions" or "naked assertions." *Twombly*, 550 U.S. at 555, 557. Such allegations are "not entitled to the assumption of truth" and must be disregarded. *Iqbal*, 556 U.S. at 679. The court then assesses "the 'nub' of the plaintiff['s] complaint—the well-pleaded, nonconclusory factual allegation[s]"—to determine whether it states a plausible claim for relief. *Id.*

"[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). However, the Court may dismiss a claim with prejudice based on "bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment." *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993).

## IV.    DISCUSSION

### 1.    ADA Retaliation Claim (Count I)

The Court concludes that the individual defendants cannot be held liable for retaliation under ADA and dismisses the ADA claims against the individual defendants with prejudice. [1]

Subchapter IV of ADA, codified at 42 U.S.C. § 12203(a), provides that "no person shall discriminate against any individual because such individual . . . made a charge, testified, assisted, or participated in an investigation, proceeding or hearing under this chapter." By its plan language, the retaliation provision of § 12203(a) appears to create liability against "persons." Persons are defined by ADA to include supervisors. 42 U.S.C. § 12111(7) (defining "person" by

---

[1] Local 13 does not seek dismissal of the ADA claim against it.

4

reference to the definition in Title VII at 42 U.S.C. § 2000e(a)); 42 U.S.C. § 2000e(a) (defining

for Title VII "persons" to include individual supervisors). However, the remedial provisions of

the ADA preclude individual liability. In cases in which the conduct leading to the alleged

retaliation was protected under Subchapter I of ADA (the disability discrimination subchapter),

the remedies in a Subchapter IV retaliation action are those available under Subchapter I. 42

U.S.C. § 12203(c) ("The remedies and procedures available under sections 12117, 12133, and

12188 of this title shall be available to aggrieved persons for violations of subsections (a) and (b)

of this section, with respect to subchapter I, subchapter II and subchapter III of this chapter,

respectively."). Subchapter I provides for the remedies available under Title VII for employment

discrimination and thus does authorize individual liability. *See* 42 U.S.C. § 12117 (cross-

referencing 42 U.S.C. § 2000e-5).

Courts which have addressed this incongruity have concluded that individual liability is

not available for retaliation claims under ADA. *See Spiegel v. Schulmann*, 604 F.3d 72, 79-80

(2d Cir. 2010). As the United States Court of Appeals for the Second Circuit explained:

> This conclusion is arguably contrary to a literal reading of § 12203(a), where the
> phrase '[n]o person shall' suggests the possibility of individual liability. Because
> we apply the remedies provided in Title VII to the anti-retaliation provision of the
> ADA, however, § 12203 presents that rare case in which a broader consideration
> of the ADA, in light of the remedial provisions of Title VII, indicates that this
> interpretation of the statutory language does not comport with Congress's clearly
> expressed intent.

*Id.*; *see also Albra v. Aldvan, Inc.*, 490 F.3d 826, 834 (11th Cir. 2007) (per curiam) ("[W]e

conclude that individual liability is precluded under § 12203 where the act or practice opposed

by the plaintiff is made unlawful by Subchapter I of the ADA."); *Datto v. Harrison*, 664 F. Supp.

2d 472, 488 (E.D. Pa. 2009) ("Courts considering retaliation claims involving the exercise of

Title I rights forbidding employment discrimination have found that individual liability may not be imposed for such claims.").

The Court concludes that individuals are not amenable to suit for retaliation under ADA where the conduct leading to the alleged retaliation was the exercise of Title I rights forbidding disability discrimination in employment. In this case, plaintiff alleges that he was retaliated against after initiation of his ADA disability discrimination lawsuit, activity protected by Subchapter I of ADA. Thus, ADA does not provide a remedy against the individual defendants. The Court dismisses the ADA retaliation claims against the individual defendants with prejudice because amendment would be futile.

### 2.  Title VII Retaliation Claim (Count II)

The Court concludes that the individual defendants are not amenable to suit under Title VII and dismisses the Title VII claims against the individual defendants with prejudice.[2]

42 U.S.C. § 2000e-3(a) provides that "it shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." "Employer" is defined by the statute to mean "a person . . . who has fifteen or more employees. . . ." 42 U.S.C. § 2000e(b). Individual supervisors cannot be held liable for violations of Title VII, including retaliation. *Sheridan v. E.I DuPont de Nemours & Co.*, 100 F.3d 1061, 1077-78 (3d Cir. 1996) (en banc).

All of the individual defendants are employees of Local 13, and are not themselves employers for Title VII purposes. The Title VII retaliation claims against the individual

---

[2] Local 13 does not seek dismissal of the Title VII claim against it.

defendants are not cognizable and the Court dismisses them with prejudice because amendment would be futile.

### 3. PHRA Claims (Counts III-IV)

Local 13, Jacoby, and Clark argue that plaintiff's PHRA claims must be dismissed because they are preempted by LMRA.[3] The Court rejects this argument.

Section 301 of LMRA provides a cause of action for violation of a collective bargaining agreement ("CBA"). 29 U.S.C. § 185. The Supreme Court determined that § 301 preempts "[a] state rule that purports to define the meaning or scope of a term" in a CBA. *Allis-Chalmers Corp. v. Lueck*, 471 U.S 202, 210 (1985). "If the state tort law purports to define the meaning of the contract relationship, that law is pre-empted." *Id.* at 213. However, "not every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is pre-empted by § 301 or other provisions of the federal labor law." *Id.* at 211. In *Allis-Chalmers*, the Supreme Court concluded that a bad-faith claim brought against a union for failure to pay disability benefits as required by a CBA was preempted. *Id.*

At least one prior decision in this district has determined that some PHRA claims are preempted by § 301. *Jackson v. Local Union 542, Int'l Union-Operating Eng'rs*, Civil Action No. 00-854, 2000 WL 1048459, at *2 (E.D. Pa. July 25, 2000). The court in that case concluded that claims involving "facially discriminatory" conduct are not preempted because they do not require interpretation of the CBA. *Id.* However, claims involving "non-facially discriminatory acts" necessarily require interpretation of the CBA to determine whether the reasons for the adverse action were justified by the terms of the CBA, and are therefore preempted. *Id.* Other decisions in this district have determined that state anti-discrimination laws are never pre-empted

---

[3] Plaintiff has consented to the dismissal of the PHRA claims against Stanton and the Court dismisses these claims with prejudice.

by § 301. *See Sayres v. Lancaster Press, Inc.*, Civil Action No. 93-2796, 1994 WL 71277, at *1 (E.D. Pa. Mar. 8, 1994) ("It is clear that section 301 does not preempt state anti-discrimination laws.") (citing *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 412 (1988) ("[A] tribunal could resolve either a discriminatory or retaliatory discharge claim without interpreting the 'just cause' language of a collective-bargaining agreement.")).

In this case, plaintiff alleges that he sought work on a union job and was told by defendant Jacoby that he would never be offered the job because he was not "qualified" due to his prior disability discrimination suit. The alleged discriminatory acts are facially discriminatory and do not require any interpretation of the "meaning or scope of a term" in the CBA. Thus, the Court concludes that the PHRA claims based on the facially discriminatory conduct alleged in the Complaint are not preempted by LMRA. This ruling is without prejudice to defendants' right to raise a preemption argument by a motion for summary judgment or at trial if warranted by the record developed in discovery.

### 4. LMRA Claim and Breach of Collective Bargaining Agreement (Counts VI-VII)

Defendants argue that plaintiff's claims for breach of the duty of fair representation and for breach of the CBA are barred by the statute of limitations. The Court agrees and dismisses these claims with prejudice.

Plaintiff avers that his claim for breach of the duty of fair representation arises under 29 U.S.C. § 187(a). A private right of action under this provision of LMRA is governed by § 301 of that statute, codified at 29 U.S.C. § 185. Plaintiff's claim for breach of the collective bargaining agreement also arises under § 301 of LMRA. *Chatterjee v. Sch. Dist. of Phila.*, 170 F. Supp. 2d 509, 520-21 (E.D. Pa. 2001). Section 301 claims are subject to a six month statute of limitations.

*DelCostello v. Int'l Bhd. Of Teamsters*, 462 U.S. 151, 171-72 (1983); *see Johnson v. Int'l Bhd. Of Teamsters, Local 380*, Civil Action No. 06-3699, 2007 WL 775604, at *3 (E.D. Pa. Mar. 8, 2007) ("[P]laintiff's fair representation claim, regardless of how it is construed, is barred by the six-month statute of limitations governing fair representation claims.").

In this case, plaintiff's cause of action accrued after his conversation with Jacoby on October 5, 2012. Plaintiff argues the claims are not barred by the statute of limitations because he filed his NLRB complaint within six months of the conversation. Pl.'s Resp. in Opp'n to Def. Stanton's Mot. to Dismiss, at 5. Assuming *arguendo* that this filing tolled the statute of limitations, it did so only until plaintiff's NLRB claim was dismissed on March 15, 2013. Def. Stanton's Mot. to Dismiss, Ex. C. Plaintiff's Complaint in this action was not filed until August 24, 2015, more than six months after both dates. Thus, plaintiff's claims under LMRA are barred by the statute of limitations and the Court dismisses them with prejudice because amendment would be futile.

### 5. NLRA Claim (Count V)

Defendants argue that plaintiff's claims under 29 U.S.C. § 158(a) must be dismissed because the Court lacks jurisdiction over these claims. The Court agrees and dismisses plaintiff's NLRA claims with prejudice.

The NLRB has primary jurisdiction over labor disputes under NLRA. *See San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 244 (1959). However, the Court has concurrent jurisdiction over some claims under NRLA where there are also claims brought pursuant to § 301 of LMRA. *Joseph W. Davis, Inc. v. Int'l Union of Operating Eng'rs, Local 542*, 636 F. Supp. 2d 403, 411-12 (E.D. Pa. 2008) (citing *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 562 (1976)). "The NLRB's primary jurisdiction does not preempt a court's jurisdiction over

§ 301 actions, even if the matter is arguably subject to § 7 or § 8 of the NLRA." *Mack Trucks, Inc. v. Int'l Union, United Auto, Aerospace & Agr. Implement Workers of Am.*, 856 F.2d 579, 585 (3d Cir. 1988).

In this case, plaintiff brought an NLRB grievance in 2013 pursuant to 29 U.S.C. § 158(a) on the basis of defendants' alleged conduct. The NLRB dismissed the charge for insufficient evidence on March 15, 2013, and plaintiff did not appeal. Plaintiff consented to NLRB jurisdiction over the § 158(a) claim and the proper way to continue to pursue the NLRA claim was to appeal from the administrative decision, not to file a separate lawsuit. *See* 29 U.S.C. § 160(f) ("Any person aggrieved by a final order of the Board . . . may obtain a review of such order in any United States court of appeals in the circuit wherein the unfair labor practice in question was alleged to have been engaged in or wherein such person resides or transacts business, or in the United States Court of Appeals for the District of Columbia . . . ."). Furthermore, jurisdiction over the NLRA claim would only be proper based on the Court's concurrent jurisdiction over plaintiff's LMRA § 301 claims. As discussed in the previous section, plaintiff's claims under § 301 of LMRA are barred by the statute of limitations and thus there is no remaining § 301 claim to support concurrent jurisdiction over the NLRA claim. The Court therefore dismisses plaintiff's NLRA claims and concludes that this dismissal should be with prejudice because amendment would be futile.

### 6.  Punitive Damages and Jury Demand

Defendants also seek dismissal of plaintiff's claims for punitive damages and to strike plaintiff's jury demand. Because some of plaintiff's remaining claims could support claims for punitive damages, the Court will not dismiss the punitive damages claims at this time. *See, e.g.*, *Kolstad v. American Dental Ass'n*, 527 U.S. 526, 534-45 (1999) (punitive damages available in

Title VII claim); *Gagliardo v. Connaught Lab., Inc.*, 311 F.3d 565, 573 (3d Cir. 2002). Moreover, a jury trial is available for some of plaintiff's remaining claims, and accordingly, the Court will not strike the jury demand at this time.

## V.     CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part the Motion to Dismiss of defendants Local 13, Jacoby, and Clark. The Court grants defendant Stanton's Motion to Dismiss in its entirety. The Court dismisses with prejudice (1) all of plaintiff's claims against Stanton, (2) plaintiff's ADA and Title VII claims against Jacoby and Clark, and (3) all of plaintiff's claims under LMRA, NLRA, and for breach of the CBA against all defendants. The remaining claims in the case are (1) an ADA retaliation claim against Local 13, (2) a Title VII retaliation claim against Local 13, and (3) PHRA claims for retaliation and obstruction against Local 13, Jacoby, and Clark.